UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LAMINA PACKAGING INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEATS ELECTRONICS, LLC,<br><br>Defendant. | Case No. 2:13-CV-00148<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Lamina Packaging Innovations LLC ("Plaintiff") makes the following allegations against Beats Electronics, LLC. ("Defendant").

## PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3301 W. Marshall Ave., Longview, TX 75604.

2. On information and belief, Defendant is organized under the laws of Delaware, with its principal place of business at 1601 Cloverfield Blvd., Suite 5000N, Santa Monica, CA 90404. On information and belief, Defendant may be served via its registered agent for service of process at Registered Agent Solutions, Inc., 1679 S. Dupont Highway, Suite 100, Dover, Delaware 19901.

## JURISDICATION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## THE PATENTS-IN-SUIT

6. United States Patent No. 6,207,242 ("the '242 Patent"), entitled "Laminated Package With Enhanced Interior and Exterior," was duly and lawfully issued on March 27, 2001, based upon an application filed by the inventor, Roger P. Hoffman. A copy of the '242 Patent is attached hereto as **Exhibit A**.

7. Plaintiff is the owner by assignment of the '242 Patent and has the right to sue, and recover damages, for infringement thereof.

8. United States Patent No. 7,348,067 ("the '067 Patent") entitled "Composite Paperboards and Method of Making Composite Paperboards" was duly and lawfully issued on March 25, 2008 based upon an application filed by inventor, Roger P. Hoffman. A copy of the '067 Patent is attached hereto as **Exhibit B**.

9. Plaintiff is the owner by assignment of the '067 Patent and has the right to sue, and recover damages, for infringement thereof.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,207,242

10. Upon information and belief, Defendant has been and is now infringing the '242 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Infringements by Defendant include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least its "urBeats" product (hereinafter referred to as "Accused Product"), infringing at least Claim 1 of the '242 Patent, to the injury of Plaintiff. By making, using, offering for sale, and/or selling within the United States, and/or importing into the United States said Accused Product, Defendant is directly infringing and/or infringing the '242 Patent under the doctrine of equivalents. Thus Defendant is liable for infringement of the '242 Patent pursuant to 35 U.S.C § 271.

11. Defendant infringes at least Claim 1 of the '242 Patent, by way of example only, and without limitation on Plaintiff's assertion of infringement by Defendant of other claims of the '242 Patent.

Claim 1 of the '242 Patent reads as follows:

> 1. A carton comprising a laminated composite sheet folded and glued in the configuration of a box, said sheet comprising:
>
> a fiberboard base layer, said base layer comprised of at least one base ply of unbleached cellulosic fibers selected from the group consisting of unbleached virgin kraft pulp and recycled pulp, said base ply having an inner surface and an outer surface;
>
> at least one inner ply of cellulosic fibers on the inner surface of said base layer selected from the group consisting of dyed virgin pulp, dyed recycled pulp, bleached virgin pulp and bleached recycled pulp;
>
> an outer layer with printed graphics thereon; and
>
> a separate layer of adhesive disposed between said base layer and said outer layer serving to bond the outer layer to the base layer, the outer layer being bonded continuously to the outer surface of said base layer.

On information and belief, Defendant's Accused Product comprises each and every limitation of at least Claim 1 of the '242 Patent as shown in the claim chart at **Exhibit C**.

12. As a result of Defendant's infringement of the '242 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,348,067

13. Upon information and belief, Defendant has been and is now infringing the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Infringements by Defendant include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least its Accused Product infringing at least Claim 1 of the '067 Patent, to the injury of Plaintiff. By making, using, offering for sale, and/or selling within the United States, and/or importing into the United States said Accused Product, Defendant is directly infringing and/or infringing the '067 Patent under the doctrine of equivalents. Thus Defendant is liable for infringement of the '067 Patent pursuant to 35 U.S.C § 271.

14. Defendant infringes at least Claim 1 of the '067 Patent, by way of example only, and without limitation on Plaintiff's assertion of infringement by Defendant of other claims of the '067 Patent. Claim 1 of the '067 Patent reads as follows:

> 1. A laminate composite sheet comprising: a two-ply base layer comprised of a bottom ply and a top ply, wherein the bottom ply is comprised of

    unbleached cellulosic fibers and wherein the top ply is comprised of bleached or brightened cellulosic fibers;

    a further layer attached to the top ply with a layer of adhesive; said further layer having a top and a bottom surface, said further layer selected from the group consisting of paper or film; said layer of adhesive containing no pigment, and said top surface of said further layer having no coating.

On information and belief, Defendant's Accused Product comprises each and every limitation of at least Claim 1 of the '067 Patent as shown in the claim chart at **Exhibit D.**

15.    As a result of Defendant's infringement of the '067 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

16.    A judgment in favor of Plaintiff that Defendant has infringed the '242 and the '067 Patents;

17.    A judgment and order requiring Defendant pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '242 and '067 Patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

18.    Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 21, 2013

                                        /s/ *Todd Y. Brandt*
                                        Darrell G. Dotson
                                        State Bar No. 24002010
                                        Gregory P. Love
                                        State Bar No. 24013060
                                        Scott E. Stevens
                                        State Bar No. 00792024
                                        STEVENS LOVE
                                        P.O. Box 3427
                                        Longview, Texas  75606
                                        Telephone:  (903) 753–6760
                                        Facsimile:  (903) 753–6761
                                        darrell@stevenslove.com
                                        greg@stevenslove.com
                                        scott@stevenslove.com

                                        Todd Y. Brandt
                                        State Bar No. 24027051
                                        STEVENS LOVE
                                        5020 Montrose Blvd., Suite 800
                                        Houston, Texas 77006
                                        (713) 284-5200
                                        todd@stevenslove.com

                                        Attorneys for Lamina Packaging Innovations LLC